UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80381-CIV-MARRA/JOHNSON

JANE DOE NO. 5,

      Plaintiff,

v.

JEFFREY EPSTEIN,

      Defendant.

_____/

## OPINION AND ORDER ON MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

THIS CAUSE comes before the Court on Defendant Jeffrey Epstein's Motion to Set Aside Clerk's Default (DE 9), filed June 13, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On April 14, 2008, Plaintiff Jane Doe No. 5 ("Plaintiff") filed the instant action against Jeffrey Epstein ("Defendant"), alleging claims of sexual assault and intentional infliction of emotional distress. (DE 1.) Plaintiff's process server attempted to deliver a copy of the summons and complaint to Defendant personally on April 23, April 24, and May 1, 2008, at his residence in New York City. (DE 4.) None of these attempts were successful. On May 7, 2008, the process server left a copy of the summons and complaint with "'John Smith,' Assistant & House Staff Employee who refused true name." (DE 4.) The process server also mailed a copy of the summons and complaint to Defendant on May 12, 2008, via first class mail. (DE 4.) The

envelope was marked "personal and confidential" and did not indicate that the envelope was from an attorney or related to a legal action. (DE 4.)

**Standard of Review**

Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default, and the Court's decision will only be reviewed for abuse of discretion. *Robinson v. US*, 734 F.2d 735, 739 (11th Cir. 1984); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).[1] "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support her claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

In evaluating whether a movant has demonstrated "good cause," courts have considered several potential factors: whether the default was culpable or willful; whether setting the default aside would be prejudicial to the opposing party; whether the defaulting party presents a meritorious defense; whether public interests have been implicated; whether the defaulting party has suffered significant financial losses; and whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are simply guidelines and are not "talismanic." *Id.* While willfulness, prejudice, and a meritorious defense are the most often

---

[1]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

considered factors, "the failure of a district court to expressly consider them does not necessarily constitute an abuse of discretion." *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003).

## **Discussion**

Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, service may be made by leaving a copy of the summons and complaint at the individual's place of abode "with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

Plaintiff claims that service in this case is valid pursuant to either Fed. R. Civ. P. 4(e)(2)(B) or Florida law. Like the Federal Rules, Florida law requires that process be left at the individual's usual place of abode "with any person residing therein who is 15 years of age or older." Fla. Stat. § 48.031(1)(a). The affidavit of service (DE 4) states that the summons and complaint were left with "John Smith" at Defendant's usual place of abode. From this declaration, the Court cannot determine whether "John Smith" resides at the Manhattan apartment. Further, Defendant has submitted the affidavit of Richard Barnett, who avers that he received copies of the summons and complaint on May 7, 2008, from the process server. (DE 9 Ex. A.) Because Plaintiff has provided no indication to suggest that "John Smith" resides at the apartment, the Court concludes that Plaintiff did not effect valid service on Defendant under Fed. R. Civ. P. 4(e)(2)(B) or Fla. Stat. § 48.031(1)(a).

The Court does not believe that Plaintiff's request for discovery on the issue of service is

necessary, because service of process was made pursuant to New York law.  Under New York

law, personal service may be made on an individual by

> delivering the summons within the state to a person of suitable age and
> discretion at the actual place of business, dwelling place or *usual place of*
> *abode* of the person to be served *and by either mailing the summons to the*
> *person to be served at his or her last known residence* or by mailing the
> summons by first class mail to the person to be served at his or her actual
> place of business in an envelope bearing the legend "personal and
> confidential" and not indicating on the outside thereof, by return address
> or otherwise, that the communication is from an attorney or concerns an
> action against the person to be served, such delivery and mailing to be
> effected within twenty days of each other.

N.Y. C.P.L.R. § 308(2) (McKinney 2008) (emphasis added).  New York law does *not* require

the person receiving the summons and complaint at the individual's place of abode to reside at

that location.  *See*, *e.g.*, *Boston Safe Deposit and Trust Co. v. Morse*, 779 F. Supp. 347, 350

(S.D.N.Y. 1991); *Al Fayed v. Barak*, 833 N.Y.S. 2d 500, 501 (N.Y. App. Div. 2007).

In this case, the affidavit of service states that "John Smith" was a person of suitable age

and discretion who accepted a copy of the summons and complaint at Defendant's actual

apartment.  (DE 4.)  Thus, under New York law, delivery of the summons and complaint to

"John Smith" was appropriate.  Because the summons and complaint were mailed to Defendant

and delivered to his residence within twenty days of each other, Plaintiff took all necessary steps

to serve Defendant under New York law.

As Defendant recognizes, New York law also requires that proof of service be "filed with

the clerk of the court designated in the summons within twenty days of either such delivery or

mailing, whichever is effected later."  N.Y. C.P.L.R. § 308(2).  Here, Plaintiff is in compliance

with this requirement as well: delivery was made on May 7, 2008, and proof of service was filed

with the Clerk of the Court on May 22, 2008.  (DE 4.)  Thus, service was deemed complete as of

June 2, 2008, under New York law.  *See* N.Y. C.P.L.R. § 308(2) (stating "service shall be

complete ten days after" filing of proof of service).

 Nevertheless, Defendant's analysis is not entirely correct.  In calculating when

Defendant's response was due, the Court turns to Fed. R. Civ. P. 12(a), which states that a

defendant must serve an answer within twenty days of being served with the summons and

complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Under this rule, Defendant was required to respond to

the Complaint within twenty days from the receipt of the summons; the rule does not suggest a

longer period of time is available when substituted service is used to serve a defendant.  While

Rule 4(e)(1) allows Plaintiff to serve process on Defendant in the method permitted by New

York, Rule 4(e)(1) does not alter the twenty day period specified by Rule 12(a).  In other words,

under Rules 4(e)(1) and 12(a), the Court is not bound by New York's proof of service filing

requirement nor New York's "completion" date in determining when Defendant's answer needed

to be filed.  *Beller & Keller v. Tyler*, 120 F.3d 21, 25-26 (2d Cir. 1997) (reconciling the deadlines

imposed by Rule 12(a) and N.Y. C.P.L.R. § 308).  Instead, once Defendant received a copy of the

summons and complaint, Defendant had twenty days to respond.  *Id.*  ("[A] defendant has twenty

days from the receipt of the summons to file an answer . . . .  This is so even if . . . the defendant

is served pursuant to a state law method of service and the state law provides a longer time in

which to answer.").  Thus, Defendant's response was due on May 27, 2007.[2]

---

[2]In *Tyler*, the court acknowledged that, because service was made in part by mail, the defendant may have the benefit of three extra days to respond per Fed. R. Civ. P. 6(e).  *Tyler*, 120 F.3d at 26.  In this case, Plaintiff's server mailed the summons and complaint on May 12, 2008.  Thus, under this scheme, Defendant would have had until June 4, 2008, to respond.  Either way, Defendant failed to appear int his case until June 13, 2008.

The Court is forced to conclude that Defendant, at this juncture, has not demonstrated "good cause" to vacate the default. Defendant incorrectly argued that he timely responded to the Complaint. Since he was mistaken in his position, he limited his argument to this point of law and did not address the other requirements for setting aside a default, where a defendant's appearance is, in fact, untimely. *See, e.g., United Coin Meter Co., Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983). Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Set Aside Default (DE 11) is **DENIED WITHOUT PREJUDICE**. Because Defendant did not address his motion to the issue of "good cause," and because it is the policy of this Court to rule on the merits of a case whenever possible, *see, e.g., Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754 (S.D. Fla. Jan. 16, 2008), the Court grants Defendant leave to file a second motion to vacate the default. Defendant shall have ten (10) days from the date of entry of this Order to file a second motion to vacate the Clerk's entry of default.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of July, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record
Jeffrey Epstein, *pro se*