UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80381-CIV-MARRA

Jane Doe No. 5,

    Plaintiff,
vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

**OPINION AND ORDER ON MOTION TO DISMISS AND
MOTION FOR MORE DEFINITE STATEMENT**

**THIS CAUSE** is before the Court upon Defendant Jeffrey Epstein ("Defendant")'s Motion to Dismiss and Motion for More Definite Statement, Directed to Plaintiff's Amended Complaint (DE 52), filed October 6, 2008.  Plaintiff Jane Doe No. 5 ("Plaintiff") filed a response to the motion (DE 55) and Defendant filed a Reply (DE 56).  The Court has carefully reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

On April 14, 2008, Plaintiff filed her Complaint against Defendant (DE 1), which was replaced on September 22, 2008 by an Amended Complaint (DE 47).  Plaintiff brings suit alleging Count I - Sexual Assault and Battery; Count II - Intentional Infliction of Emotional Distress; and Count III - Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. § 2422.

The facts, as alleged in the Amended Complaint, are as follows:  At all relevant times, Defendant was an adult male. Am. Compl. ¶ 7.  Defendant engaged in a plan and scheme in

1

which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. Am. Compl. ¶ 8.  In or about 2002-2003, Plaintiff, then approximately 15-16 years old, became one of Defendant's victims. Am. Compl. ¶ 8.  Defendant carried out his scheme and assaulted girls in Florida, New York, and his private island in St. Thomas. Am. Compl. ¶ 9.

Defendant's scheme involved the use of young girls to recruit underage girls. Am. Compl. ¶ 10.  Under Defendant's plan, underage girls were recruited ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. Id.  The young girls would be contacted when Defendant was planning to be at his Palm Beach residence or soon after he arrived.  Id.  Robson generally sought out economically disadvantaged underage girls from western Palm Beach County who would be enticed by the money being offered – generally $200 to $300 per "massage" session – and who were perceived as less likely to complain to authorities or have credibility if allegations of improper conduct were made.  Id.  This was an important element of Epstein's plan. Id.

Defendant's plan and scheme reflected a particular pattern and method. Am. Compl. ¶ 11.  Upon arrival at Defendant's mansion, the underage victim would be brought to the kitchen entrance, where she would be introduced to Sarah Kellen, Defendant's assistant. Id.  Kellen would then bring the girl up a flight of stairs to a bedroom that contained a massage table in addition to other furnishings, and a bathroom. Id.  The victim would then find herself alone in the room with Defendant, who would be wearing only a towel. Id.  Defendant would then remove his towel, lay down naked on the massage table, and direct the girl to remove her clothes.  Id. Defendant would then perform one or more lewd, lascivious and sexual acts, including

masturbation and touching the girl's vagina. Id.

Consistent with the foregoing plan, when Plaintiff was approximately 15-16 years old, she was recruited to give Defendant a massage for monetary compensation. Am. Compl. ¶ 12. Plaintiff and another girl were brought to Defendant's mansion in Palm Beach, to the kitchen entrance. Id. Once there, they were introduced to Kellen, who led them up the stairs to the room with the massage table. Id. In this room, Defendant told Plaintiff and the other girl to remove their clothes and to give him a massage. Id. Plaintiff and the other girl removed their clothes except for their panties and bras, and complied with Defendant's instructions. Id. While on the massage table, Defendant masturbated himself and touched both girls on their vaginas with his hand and with a vibrator. Id.

After Defendant had completed the sexual assault, both girls were then able to get dressed, leave the room and go back down the stairs. Am. Compl. ¶ 13. Defendant gave both girls money for this "massage." Id.

As a result of this encounter with Defendant, Plaintiff experienced confusion, shame, humiliation, and embarrassment, and has suffered severe psychological and emotional injuries. Am. Compl. ¶ 14.

Under Count I - Sexual Assault and Battery, the Amended Complaint alleges as follows: Defendant acted with intent to cause an offensive contact with Plaintiff, or an imminent apprehension of such a contact, and Plaintiff was thereby put in such imminent apprehension. Am. Compl. ¶ 16. Defendant made an intentional, unlawful offer of offensive sexual contact toward Plaintiff, creating a reasonable fear of imminent peril. Am. Compl. ¶ 17. Defendant intentionally inflicted harmful or offensive contact on the person of Plaintiff, with the intent to

3

cause such contact or the apprehension that such contact is imminent. Am. Compl. ¶ 18. Defendant tortiously committed a sexual assault and battery on Plaintiff. Am. Compl. ¶ 19. Defendant's acts were intentional, unlawful, offensive and harmful. Id. Defendant's plan and scheme in which he committed such acts upon Plaintiff were done willfully and maliciously. Am. Compl. ¶ 20. As a direct and proximate result of Defendant's assault on Plaintiff, she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages. Am. Compl. ¶ 21.

Under Count II, Intentional Infliction of Emotional Distress, the Amended Complaint alleges as follows:

Defendant's conduct was intentional or reckless. Am. Compl. ¶ 23. Defendant's conduct with a minor was extreme and outrageous, going beyond all bounds of decency. Am. Compl. ¶ 24. Defendant committed willful acts of child sexual abuse on Plaintiff. Am. Compl. ¶ 25. These acts resulted in mental or sexual injury to Plaintiff, that caused or were likely to cause Plaintiff's mental or emotional health to be significantly impaired. Am. Compl. ¶ 25. Defendant's conduct caused severe emotional distress to Plaintiff. Am. Compl. ¶ 26. Defendant knew or had reason to know that his intentional and outrageous conduct would cause emotional distress and damage to Plaintiff, or Defendant acted with reckless disregard of the high probability of causing severe emotional distress to Plaintiff. Id. As a direct and proximate result of Defendant's intentional or reckless conduct, Plaintiff has suffered and will continue to suffer severe mental anguish and pain. Am. Compl. ¶ 27.

Under Count III, Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. § 2422, the Amended Complaint alleges as follows:

Defendant used a facility or means of interstate commerce to knowingly persuade, induce or entice Plaintiff, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense. Am. Compl. ¶ 29. As a result of Defendant's violation of 18 U.S.C. § 2422, Plaintiff has suffered personal injury, including mental, psychological and emotional damages. Am. Compl. ¶ 31.

Defendant argues in his motion that Counts I and III of the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Alternatively, Defendant seeks a more definite statement of Counts I and III. Lastly, Defendant argues that the reference in Count III to 28 U.S.C. § 2255 should be stricken as immaterial.

Plaintiff responds that the Court should deny the motion because the pleadings at issue contain a short and plain statement of the claims showing that Plaintiff is entitled to relief in accordance with Fed. R. Civ. P. 8(a)(2). Plaintiff contends that the specific facts sought by Defendant may properly be the subject of discovery, but are not necessary for purposes of pleading.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

Counts I alleges a claim for sexual assault and battery. Defendant concedes that Plaintiff has properly pled a claim for battery, but contends that Plaintiff's assault claim fails. (Mot. 5). Under Florida law, it is customary to refer to the term "assault and battery" as if it were a legal unit, or a single concept; however, assault and battery are separate and distinct legal concepts,

6

assault being the beginning of an act which, if consummated, constitutes battery. 3A Fla. Jur 2d Assault §1. "'The essential element of an assault is the violence offered, and not actual physical contact.'" McDonald v. Ford, 223 So.2d 553, 555 (Fla. 2nd DCA 1969), quoting 3 Fla.Jur., Assault and Battery, § 3. Assault is defined as an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt. Lay v. Kremer, 411 So.2d 1347, 1349 (Fla. 1st DCA 1982).

Defendant does not contend that Plaintiff failed to allege the above-listed elements of the tort of assault. Instead, Defendant argues that, under the standard of pleading established in Twombly, Plaintiff has failed to set forth sufficient factual allegations to support the pleading. Defendant's argument, in essence, is that in a post-Twombly pleading, a heightened fact pleading of specifics is required. However, Twombly did not alter the standard for dismissal under Rule 12(b)(6) in the typical case. As the Court explained in CBT Flint Partners, LLC v. Goodmail Systems, Inc:

> In my view, Twombly did not radically alter the elementary rules of civil procedure that have governed litigation in the federal courts for the past seventy years. The Court's forced retirement of Conley v. Gibson's "no set of facts" language does not change the fundamental command of Rule 8 as to what a valid complaint must look like. Indeed, the Court made clear that it was not imposing a heightened pleading standard. Twombly, 127 S.Ct. at 1974 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). As a general matter, I am loath to assume that the Supreme Court circumvented the normal channels for amending the Federal Rules. Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002) ("A requirement of greater specificity for particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.") (quotations omitted). Second, to the extent that Twombly might be plausibly read to alter the requirements for the sufficiency of a complaint, there should be a strong presumption in favor of narrowly confining the decision to its facts. Cohens

<blockquote>
v. Virginia, 19 U.S. 264 (1821) ( "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used."). The Court's "new standard" was merely a specific way to articulate a solution to what it perceived to be a specific pleading problem, in a specific area of law that inflicted a high cost upon antitrust defendants. It was not a broad based new license for federal courts to ramp up pleading requirements.
</blockquote>

CBT Flint Partners, LLC v. Goodmail Systems, Inc., 529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007).

In this case, Defendant contends that the pleadings fail to allege the specific facts of "what was done to [Plaintiff];"and "what Epstein said and did, if anything, to create fear and apprehension in Plaintiff." (Mot. 5). As to these issues, the Amended Complaint alleges as follows:  In an upstairs room of Defendant's mansion, Defendant told Plaintiff to remove her clothes and to give him a massage. Am. Compl. ¶ 12.  Defendant acted with intent to cause an offensive contact with Plaintiff, or an imminent apprehension of such a contact, and Plaintiff was thereby put in such imminent apprehension. Am. Compl. ¶ 16.  Defendant made an intentional, unlawful offer of offensive sexual contact toward Plaintiff, creating a reasonable fear of imminent peril.  Am. Compl. ¶ 17.  While on the massage table, Plaintiff masturbated himself and touched both girls on their vaginas with his hand and with a vibrator. Id.  Defendant intentionally inflicted harmful or offensive contact on the person of Plaintiff, with the intent to cause such contact or the apprehension that such contact is imminent. Am. Compl. ¶ 18.  Defendant tortiously committed a sexual assault and battery on Plaintiff.  Am. Compl. ¶ 19.  Defendant's acts were intentional, unlawful, offensive and harmful.  Id.

Plaintiff need not set forth more specific facts to support its allegations to satisfy the notice pleading standard under Rule 8, which requires only that a complaint must set forth a short and plain statement of the facts upon which the claim is based that is sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. The parties will be afforded a liberal opportunity for discovery "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48 (1957). Defendant's motion to dismiss or for a more definite statement is DENIED as to Count I.

Counts III[1] alleges a claim for coercion and enticement to sexual activity in violation of 18 U.S.C. § 2422. That statute states, in pertinent part,

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).[2]

The Amended Complaint alleges: "Epstein used a facility or means of interstate commerce to knowingly persuade, induce or entice Jane Doe, when she was under the age of 18

---

[1] Plaintiff mistakenly cites 28 U.S.C. § 2255 in the wherefore clause of Count III, regarding damages sought. Plaintiff acknowledges that this was a typographical error and the correct cite is to 18 U.S.C. § 2255. Defendant's motion to strike the citation to 28 U.S.C. § 2255 in the Amended Complaint is **GRANTED.** That citation is hereby **STRICKEN** and substituted with 18 U.S.C. § 2255.

[2] The allegations in the Amended Complaint closely track the language of § 2422(b), making it clear that this is the subsection upon which Plaintiff is relying.

years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense." Am. Compl. ¶ 29.

First, the Amended Complaint sufficiently alleges the element of using a facility or means of interstate commerce. See ¶ 29. More specifics are properly the subject of discovery.

Second, Defendant argues that the Amended Complaint fails to set forth underlying factual allegations as to the requisite elements that Defendant knowingly persuaded, induced, enticed, or coerced Plaintiff, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense. Specifically, Defendant claims that Plaintiff fails to allege with what criminal offense Defendant could have been charged. See 18 U.S.C. § 2422(b). The Amended Complaint states a cause of action for violation of 18 U.S.C. § 2422. However, Defendant's position that Plaintiff must state what part of "to engage in prostitution or sexual activity for which any person can be charged with a criminal offense" upon which is relying Plaintiff is well-taken.

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971). As it is written, ¶ 29 is ambiguous as to whether Plaintiff claims prostitution or another criminal

offense (and if so, what offense) with which Defendant could have been charged.[3] The Court finds that Defendant is entitled to a more definite statement as to ¶ 29 in order to provide Defendant with sufficient notice to frame a responsive pleading.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss and Motion for More Definite Statement, Directed to Plaintiff's Amended Complaint (DE 52) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's motion to dismiss or for a more definite statement as to Count I is **DENIED**.

2. Defendant's motion to dismiss or for a more definite statement as to Count III is **GRANTED IN PART AND DENIED IN PART.** Defendant's motion to dismiss is denied; however, Plaintiff must file another complaint, which includes a more definite statement as to Count III - Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. § 2422, as explained in this Order.

3. Defendant's motion to strike the citation to 28 U.S.C. § 2255 in the Amended Complaint

---

[3] In its opposition, Plaintiff improperly seeks to rely upon a July 10, 2008 letter from A. Marie Villafana, Assistant U.S. Attorney to Plaintiff's counsel. This letter was not referenced in nor attached to the Amended Complaint. It is axiomatic that, at the motion to dismiss stage, the Court must consider well-pled allegations of the complaint as true and must limit its examination to the four corners of the complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). Thus, the Court will not consider the letter in ruling on the instant motion.

is **GRANTED** and that citation is hereby **STRICKEN.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record